# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL A. RISENHOOVER,<br><br>Plaintiff,<br><br>v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>Defendants. | **Case No. 1:18-cv-00432-SKO (PC)**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Michael A. Risenhoover, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002), regardless of the relief sought by the prisoner or offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In the Complaint, Plaintiff alleges that he never received a copy of his court transcript which his attorney sent to Plaintiff in November of 2015. Plaintiff checked the boxes on the form complaint indicating that administrative remedies are available. (Doc. 1, p. 1.) However,

1

Plaintiff indicated that the Form 22 he filed at the informal level went unanswered and that grievance log SVSP-L-17-07272 was rejected at the First, Second, and Third formal levels. (*Id.* p. 2.) Rejected grievances do not suffice for exhaustion purposes.

An inmate grievance that has been rejected may later be accepted if the reason noted for the rejection is corrected and the inmate returns it to the appeals coordinator within thirty (30) calendar days of rejection. Tit. 15 § 3084.6(a)(2). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to CDCR's process. *Reyes v. Smith,* 810 F.3d 654, 567 (9th Cir. 2016). Plaintiff's apparent submission of SVSP-L-17-07272 to all formal levels does not suffice since it was rejected at each level.

It therefore appears Plaintiff filed suit without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . ."). Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** from the date of service of this order why this action should not be recommended for dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **April 2, 2018**                          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE