# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. RISENHOOVER,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN OF SALINAS VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00432-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 13)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Michael A. Risenhoover ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 10, 2018, and the case was transferred from the United States District Court for the Northern District of California on March 29, 2018.

      On April 3, 2018, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 13.) On April 11, 2018, Plaintiff filed a response to the order to show cause, including copies of his filed appeals and the responses he received. (ECF No. 15.)

///

1

## I. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II. Discussion

In the complaint, Plaintiff alleges that he never received a copy of his court transcript which his attorney sent to Plaintiff in November of 2015. Plaintiff checked the boxes on the form

complaint indicating that administrative remedies are available. (ECF No. 1, p. 1.) However, Plaintiff indicated that the Form 22 he filed at the informal level went unanswered and that grievance log SVSP-L-17-07272 was rejected at the First, Second, and Third formal levels. (Id. at 2.)

Upon review of the documents attached to Plaintiff's response to the order to show cause, it appears that Plaintiff's appeal was never accepted at the first level, but rather was rejected on November 30 and December 7, 2017 for procedural errors. The appeal was ultimately cancelled on December 12, 2017. The reason provided is that, pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4), Plaintiff exceeded the time limits for submitting the appeal even though he had the opportunity to submit within the prescribed time constraints. (Id. at 4–6.)

Plaintiff does not provide any information regarding any appeals filed regarding the cancellation of his appeal, nor does he identify any reasons for his failure to challenge the cancellation.

Plaintiff further states that "after Mr. Risenhoover sought court action in Dec 2017 Mr. Risenhoover believes the officers retaliated by placing an inmate of a different classification in his protective custody cell in the hopes Mr. Risenhoover would be assaulted." (ECF No. 15, p. 1.) Plaintiff states that he believes that if he continues to seek administrative remedies on this issue, he will be retaliated against and he fears that great bodily injury or death could occur.

Although Plaintiff appears to argue that his administrative remedies were effectively unavailable due to his fears of retaliation, Plaintiff has only identified potential retaliation that began **after** the filing of the complaint in this action. Plaintiff's complaint and response to the Court's order to show cause make clear that he did not exhaust his administrative remedies prior to filing this action, and Plaintiff has not provided any justification for his failure to do so.

**III.    Order and Recommendation**

Accordingly, the order to show cause issued on April 3, 2018, (ECF No. 13), is HEREBY DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

///

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 8, 2018** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE